**IT IS ORDERED as set forth below:**

**Date: May 9, 2023**



_____
**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| JAMES DARREN JENNINGS, | CASE NO. 22-40694-BEM |
| Debtor. | |
| | CHAPTER 13 |
| JAMES DARREN JENNINGS, | |
| Plaintiff, | |
| | ADVERSARY PROCEEDING NO. |
| v. | 22-04017-BEM |
| NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, | |
| Defendant. | |

**O R D E R**

This matter is before the Court on Nationstar Mortgage, LLC's ("Defendant") Motion to Dismiss ("Motion") James Darren Jennings's ("Plaintiff") Complaint ("Complaint"). [Doc. 10]. On August 9, 2022, Plaintiff filed the Complaint seeking to set aside a foreclosure sale that allegedly violated the automatic stay and seeking damages for the stay violation. [Doc. 1]. On September 8, 2022, Defendant filed an answer ("Answer"). [Doc. 4]. The Parties filed a Joint Report and Proposed Scheduling Order on October 13, 2022 that provided for filing dispositive motions by February 10, 2023. [Doc. 7]. Defendant then filed the Motion on February 7, 2023. [Doc. 10]. A response was due February 21, 2023. Plaintiff did not file a response and Defendant's Motion is ripe for determination.

Although the Motion is styled as a motion to dismiss, because an answer has been filed, the Court will treat it as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), as the same standard applies to both types of motion. *See United States v. Georgia*, 574 F.Supp.3d 1245, 1248 (N.D. Ga. 2021).

I.      **Legal Standards**

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). "In determining whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party." *Id*. If there is a "material dispute of fact, judgment on the pleadings must be denied." *Id*.

Both the Complaint and the Motion include exhibits. On a motion to dismiss or motion for judgment on the pleadings, if the Court considers matters outside the pleadings, the

motion must be converted to one for summary judgment. Fed. R. Civ. P. 12(d). The Complaint includes Exhibit A, which is a copy of a dispossessory petition filed in the Magistrate Court of Floyd County, Georgia on August 4, 2022. [Doc. 1, Ex. A]. As an exhibit to the Complaint, it is "part of the pleading for all purposes" and may be considered on this Motion. Fed. R. Civ. P. 10(c). The Motion includes a copy of a Warranty Deed dated April 29, 2016 for real property known as #14 Lionel Lane in Floyd County, Georgia (the "Property"). [Doc. 10, Ex. 1]. With respect to this exhibit, the Court may consider it without converting the Motion to one for summary judgment "only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). A document is "undisputed" if its authenticity is not challenged. *Id.* Here, Plaintiff has not challenged the authenticity of the document. Arguably, the document is central to Plaintiff's claim because as shown below, he has asserted a marital interest in the Property, which makes ownership of the Property relevant. Nevertheless, because the Court takes the assertion of a marital interest as true, the Court need not consider Defendant's exhibit in deciding the Motion. For the reasons stated herein, the Court will grant Defendant's Motion and dismiss the case.

## II.    Facts

The following facts alleged in the Complaint are either undisputed, having been admitted in the Answer, or are taken as true for purposes of the Motion. Conclusions and opinions asserted in the Complaint are excluded. In late April 2022, Defendant initiated the foreclosure process on its security deed recorded against the Property, which is Plaintiff's residence. [Doc. 1 at 1 & ¶ 10]. Defendant set the foreclosure sale for June 7, 2022. [Doc. 1 ¶ 11; Doc. 4 ¶ 11]. On June 6, 2022, Plaintiff filed a petition under Chapter 13 of the Bankruptcy Code and filed an initial plan, schedules, and statements. [Doc. 1 ¶ 7, 9]. On June 6, 2022, Plaintiff's attorney gave

3

Defendant's foreclosure counsel notice of the bankruptcy. [Doc. 1 ¶ 12; Doc. 4 ¶ 12]. Prior to the foreclosure sale, Defendant's foreclosure counsel contacted Plaintiff's counsel "to dispute the applicability of Plaintiff's bankruptcy" to the foreclosure process. [Doc. 1 ¶ 13; Doc. 4 ¶ 13]. Plaintiff's counsel made it clear that Plaintiff asserted an interest in the Property both as his residence and as marital property. [Doc. 1 ¶ 14; Doc. 4 ¶ 14]. Defendant prosecuted the non-judicial foreclosure on June 7, 2022. [Doc. 1 ¶ 16; Doc. 4 ¶ 16]. Defendant moved for eviction on August 4, 2022 against Selena Jennings and "Occupants and or Tenants." [Doc. 1 ¶ 17, 18 & Ex. A]. Plaintiff's counsel was presented with the eviction pleading on August 8, 2022. [Doc. 1 ¶ 18].

Plaintiff is seeking relief from the Court by recission of the foreclosure, the return of the Property to the bankruptcy estate, and damages including attorney's fees. [Doc. 1 ¶ 31]. Defendant contends the Complaint fails to state a claim for relief because the Property is not property of Plaintiff's bankruptcy estate.

### III. Analysis

As an initial matter, the Court notes that Plaintiff's bankruptcy case was dismissed on October 25, 2022 for failure to make plan payments, without expressly retaining jurisdiction over this proceeding. [Case No. 22-40694, Doc. 19]. "Although dismissal of the bankruptcy case usually results in dismissal of all remaining adversary proceedings, 11 U.S.C. § 349 gives the bankruptcy court the power to alter the normal effects of the dismissal of a bankruptcy case if cause is shown." *Fidelity & Deposit Co. of Md. v. Morris (In re Morris)*, 950 F.2d 1531, 1535 (11th Cir. 1992). Courts consider three factors in deciding whether to retain jurisdiction: "(1) judicial economy; (2) fairness and convenience to the litigants; and (3) the degree of difficulty of the related legal issues involved." *Id*. The Bankruptcy Court's expertise on matters pertaining to the automatic stay weighs in favor of retaining jurisdiction under all three factors. Additionally, it

is unlikely that Debtor could obtain complete relief in any other forum. *See In Matter of Vanbrocklin*, No. 15-11761-WHD, 2016 WL 3135786, at *4 (Bankr. N.D. Ga. May 16, 2016) (Drake, J) (noting that the bankruptcy court "maintains exclusive jurisdiction over enforcement of the automatic stay."); *compare Carver v. Carver*, 954 F.2d 1573, 1578 (11th Cir. 1992) (bankruptcy court should have abstained from considering motion for contempt for stay violation when the alleged violation involved a proceeding in state court "to attempt collection of arrearages in alimony, maintenance, or support" while also noting that the "automatic stay is essentially a court-ordered injunction[.]"). Therefore, the Court will retain jurisdiction over this proceeding.

The automatic stay arises upon the filing of a bankruptcy case and prohibits, among other things, "the commencement … of a judicial, administrative, or other action or proceeding against the debtor … [or] any act to obtain possession of property of the estate … or to exercise control over property of the estate[.]" 11 U.S.C. § 362(a)(1), (3).[1] Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." *Id.* § 541(a)(1). Actions taken in violation of the automatic stay are void. *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir. 1982). Additionally, an individual injured by a willful violation of the automatic stay may seek to recover actual and punitive damages. 11 U.S.C. § 362(k). Plaintiff contends the foreclosure of the Property violated the automatic stay.

Plaintiff has asserted an interest in the Property on two grounds: a possessory interest and a marital interest. Plaintiff does not allege that he is on the deed to the Property. The Court takes as true for purposes of the Motion that Plaintiff resides in the Property and is married to the owner of the Property. "While the question of whether a debtor's interest constitutes property

---

[1] The automatic stay also prohibits efforts to collect a prepetition debt. Here the Complaint does not allege that Plaintiff owes a debt to Defendant or that Defendant is a creditor of Plaintiff. Plaintiff listed Defendant on Schedule D, but in the box for "Who owes the debt" he checked "Debtor 2 only." [Case No. 22-40694, Doc. 1 at 16]. The Debtor 2 designation usually refers to the other spouse in a joint bankruptcy case. Debtor's case is not a joint case.

5

of the estate is a federal question … the nature and existence of the [debtor's] right to property is determined by looking at state law." *Two Trees v. Builders Transp., Inc. (In re Builders Transp., Inc.),* 471 F.3d 1178, 1185 (11th Cir. 2006) (quotation marks and citations omitted).

First the Court considers whether the alleged marital interest in the Property is property of the bankruptcy estate. Under Georgia law, "property that is brought into a marriage by one spouse remains the separate property of that spouse … except where a spouse has manifested an intent to transform his or her own separate property into marital property." Ga. Jur. Fam. Law § 3:4. However, property acquired by spouses during their marriage, other than nonspousal gifts and bequests, is generally regarded as marital property subject to equitable division upon dissolution of the marriage. *Mallard v. Mallard*, 297 Ga. 274, 277, 773 S.E.2d 274, 277 (2015). Additionally, when separate property "appreciates in value during the marriage, and the appreciation is attributable to the efforts of that spouse, or the other party, and is not due to outside market forces, such appreciation in value may be subject to equitable division." Ga. Jur. Fam. Law § 3:4. As noted above, the Court takes as true that the Property is marital property. However, "Debtor's entitlement to an interest in the … Property does not arise under Georgia law until either Debtor or [Debtor's spouse] file[s] a divorce proceeding." *Gordon v. Webster (In re Webster),* 629 B.R. 654, 665 (Bankr. N.D. Ga. 2021) (Cavender, J). Plaintiff has no property rights in the house titled in his non-debtor spouse's name "until the need for equitable division arises (i.e. in divorce)." *Id.*

The facts here are similar to those in *Nicholson v. Wells Fargo Bank, N.A. (Matter of Nicholson)*, AP No. 16-4038, 2017 WL 991698 (Bankr. S.D. Ga. Mar. 10, 2017), in which the mortgage creditor conducted a postpetition foreclosure of real property titled solely in the debtor's non-filing spouse and then filed a dispossessory action. *Id.* at *1. The debtor filed a complaint for

6

violation of the automatic stay, and the court granted the creditor's motion to dismiss because the property was not property of the estate. *Id.* Although the property was marital property, in the absence of a claim for divorce, the court found that "the Debtor has no property rights, legal or equitable, in marital property that is solely owned by her husband." *Id.* at *5. The court further stated that the debtor "equates her *potential* claim to an equitable division of property in a divorce action that has never been filed to an equitable interest sufficient to be included in her bankruptcy estate under § 541(a) and protected by the automatic stay." *Id.* at *4 (emphasis in original).

Here, the Complaint does not allege the existence of divorce proceedings. Therefore, Plaintiff cannot show that his marital interest in the Property became property of the bankruptcy estate and cannot state a claim for violation of the automatic stay based on a marital interest.

Next, the Court will consider whether the foreclosure sale violated Plaintiff's possessory interest in the Property. It is well established that a "mere possessory interest in real property without any accompanying legal interest is sufficient to trigger protection of the automatic stay," *In re Holyfield,* No. 16-67309, 2019 WL 2387045, at *3 (Bankr. N.D. Ga. June 3, 2019) (Hagenau, J.) (internal quotation marks and citations omitted). However, this usually arises in the context of an attempt to evict the debtor.[2] *Salov v. Federal Nat'l Mortg. Assoc. (In re Salov),* 510

---

[2] In *Nicholson*, the court did not specifically consider whether the foreclosure sale violated a possessory interest of the debtor. However, the court did rule that the subsequent eviction proceeding, which—as in this case—did not include the debtor as a named defendant, did not violate the automatic stay because the residence was not protected by the stay. 2017 WL 991698 at *2 n.8 & n.9. By contrast, in *Cox v. Russler-Klein (In re Cox)*, when the debtor was a named defendant to a dispossessory proceeding, the court found that the dispossessory action violated the stay because it was a proceeding against the debtor. AP No. 15-5063, 2015 WL 1933482, at *2 (Bankr. N.D. Ga. Apr. 16, 2015) (Hagenau, J.); *see also Bayview Loan Serv. LLC v. Fogarty (In re Fogarty)*, 39 F.4th 62, 71 (2d Cir. 2022) (the automatic stay is "violated by the foreclosure sale of a property when the debtor is a *named party* in the foreclosure proceedings, even if the debtor only holds a possessory interest in the property") (emphasis added). Here, Plaintiff was not named in the dispossessory petition, but the Complaint alleges that Defendant acknowledged his existence as an "Occupant[] and or Tenant[]" and that "Plaintiff was served with the eviction pleading." [Doc. 1 ¶ 17, 18]. The Court expresses no opinion whether this allegation has the potential to support a violation of the automatic stay because, as discussed further above, Plaintiff does not allege that the eviction proceeding violated the automatic stay.

7

B.R. 720, 729 (Bankr. S.D.N.Y. 2014) (a prepetition foreclosure extinguished debtor's ownership interest in the property, but she retained a possessory interest that was protected by the automatic stay, which barred a postpetition eviction action); *In re Sullivan*, 551 B.R. 868, 868-69 (Bankr. D. Mass. 2016) (same). But, the Complaint does not allege that the dispossessory proceeding violated the automatic stay. The only alleged violation is the foreclosure and the only relief sought relates to the foreclosure (finding the foreclosure void, finding the foreclosure process and documents invalid, setting aside the foreclosure, and returning the residence to the bankruptcy estate). [Doc. 1 ¶ 31 & ¶ e-h]. Foreclosure does not affect a debtor's possessory interest in real property. *Kennedy v. Najarian Capital, LLC (In re Kennedy)*, AP No. 20-6167, 2023 WL 3011246, at *2 (Bankr. N.D. Ga. April 19, 2023) (Hagenau, J) ("The Debtor held a possessory interest in the Property, which was protected by the stay, but the foreclosure did not affect it."). Therefore, Plaintiff cannot state a claim by alleging that the foreclosure sale violated the automatic stay by affecting his possessory interest in the Property.

  Based on the foregoing, the Court concludes that Plaintiff's Complaint fails to state a claim upon which relief can be granted. As a result, Defendant is entitled to judgment on the pleadings. Accordingly, it is

  ORDERED that Defendant's Motion is GRANTED and the proceeding is DISMISSED.

**END OF ORDER**

8

**Distribution List**

W. Jeremy Salter
Salter Law Group, LLC
P. O. Box 609
Rome, GA 30162

Angelo D. Vasilescu
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
Suite 170
10700 Abbott's Bridge Road
Duluth, GA 30097

James Darren Jennings
14 Lionel Ln NE
Rome, GA 30161-5840